ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
ROBERT W. SPENCER (SBN 238491)
rspencer@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone:  (415) 543-1305
Facsimile:   (415) 543-7861

Attorneys for Plaintiff
MICHELE ANDRADE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE ANDRADE, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> DESERT CHAMPIONS LLC, <br><br> Defendant. | Case No: <br><br> <u>CLASS ACTION</u> <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> <u>**DEMAND FOR JURY TRIAL**</u> |

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

Individual and representative Plaintiff MICHELE ANDRADE ("Plaintiff"), on behalf of herself and all others similarly situated (the "Class"), complains of Defendant DESERT CHAMPIONS LLC as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §§ 1681p.

2. Plaintiff's claims asserted herein arose in this judicial district and Defendant does business in this judicial district.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff MICHELE ANDRADE is and at all times relevant hereto was a resident of the State of California, County of Marin.

5. Defendant DESERT CHAMPIONS LLC ("Defendant") is a California limited liability company with its headquarters located in Indian Wells, California. It operates the BNP Paribas Open professional tennis tournament in Indian Wells, California.

## FACTUAL BASIS

6. In 2003, Congress passed and the President signed, the Fair and Accurate Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared that:

> "This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft."

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF          1          CASE NO.

7. A main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act) provides that:

> "Except as provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print <u>more than the last five digits of the card number or the expiration date</u> upon any receipt provided to the cardholder at the point of sale or transaction." (Emphasis added.)

8. FACTA was signed into law on December 4, 2003, but did not become fully effective until December 4, 2006. Despite this three year window provided to merchants in order to bring their point of sale machines into compliance with FACTA, many merchants did not become compliant and faced liability. In response, the Credit and Debit Card Receipt Clarification Act of 2007 (the "Clarification Act") was enacted to provide additional time for merchants to become compliant. The Clarification Act does not actually "clarify" anything, it merely delayed liability for violations. In accordance with the Clarification Act, beginning June 4, 2008, a merchant that prints more than the last five digits of the credit or debit card number or a credit or debit card's expiration date on an electronically generated receipt given to a customer is in violation of FACTA. *See* 15 U.S.C. 1681n(d).

9. On November 6, 2014, Plaintiff used her Visa credit card to purchase tickets to the 2015 BNP Paribas Open professional tennis tournament. She purchased tickets online from her home in Novato, California and Defendant mailed her tickets as well as a hardcopy receipt to her home. The hardcopy receipt generated and provided to her by Defendant contained the first digit of her credit card number, in violation of 15 U.S.C. § 1681c(g). The hardcopy receipt also contained the expiration date of her credit card in violation of 15 U.S.C. § 1681c(g).

10. Plaintiff is informed and believes, and based thereon alleges, that Defendant prints the first digit of the card number on hardcopy receipts provided to its customers for credit and debit card transactions since at least 2013, if not earlier.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

11. Plaintiff is informed and believes, and based thereon alleges, that Defendant prints the entire expiration date on hardcopy receipts provided to its customers for credit and debit card transactions since at least 2013, if not earlier.

12. Despite having years to become compliant with FACTA, Defendant has willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by continuing to print the first digit of the card number as well as the expiration date on hardcopy receipts provided to debit card and credit card cardholders transacting business with Defendant.

13. Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendant based on Defendant's violation of 15 U.S.C. §§ 1681 *et seq.*

14. Plaintiff seeks, on behalf of herself and the Class, statutory damages, punitive damages, costs and attorneys' fees, all of which are expressly made available by statute, 15 U.S.C. §§ 1681 *et seq.*, and a permanent injunction enjoining Defendant from continuing their unlawful practice of willfully violating FACTA's provisions intended to safeguard against identity theft and credit and debit card fraud.

## CLASS ALLEGATIONS

15. Plaintiff brings this class action on behalf of herself and all others similarly situated pursuant to Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

16. Plaintiff seeks to represent the Class of persons to be defined as follows:

> All persons in the United States to whom, on or after March 26 2013, Defendant provided an electronically printed hardcopy receipt at the point of a sale or transaction on which Defendant printed the first digit of the card number and/or the expiration date of the person's credit or debit card.

17. <u>Numerosity</u>: The Class described above in paragraph 16 is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective Class members through this class action will benefit both the parties and this Court.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    3    CASE NO.

18. Plaintiff is informed and believes, and thereon alleges, that there are, at minimum, hundreds of members of the proposed Class described in paragraph 16.

19. The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendant's records, including but not limited to Defendant's sales and transaction records.

20. Class members may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first class mail, or combinations thereof, or by other methods suitable to this Class and deemed necessary and/or appropriate by the Court.

21. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class. The claims of Plaintiff and the Class are based on the same legal theories and arise from the same unlawful and willful conduct.

22. Plaintiff and Class members were each customers of Defendant, each having made a purchase or transacted other business with Defendant on or after June 4, 2008, using a credit card and/or debit card and whom, at the point of such sale or transaction were provided a hardcopy receipt showing the first digit of the card number and the expiration date in violation of 15 U.S.C. § 1681c(g).

23. <u>Common Questions of Fact and Law</u>: There is a well-defined community of interest and common questions of fact and law affecting the Class members.

24. The questions of fact and law common the Class predominate over questions which may affect individual members and include the following:

    (a) Whether Defendant's conduct of providing Plaintiff and the Class members with a sales or transaction hardcopy receipt whereon Defendant printed the first digit of the credit or debit card number violated FACTA, 15 U.S.C. §§ 1681 *et seq.*;

    (b) Whether Defendant's conduct of providing Plaintiff and the Class members with a sales or transaction hardcopy receipt whereon

Defendant printed the expiration date of the credit or debit card violated FACTA, 15 U.S.C. §§ 1681 *et seq.*;

(c) Whether Defendant's conduct was willful;

(d) Whether Plaintiff and Class members are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendant's acts and conduct; and

(e) Whether Plaintiff and Class members are entitled to a permanent injunction enjoining Defendant from continuing to engage in unlawful conduct.

25. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class which Plaintiff seeks to represent. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the Class members and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

26. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of

each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

27. <u>Injunctive Relief:</u> Defendant has acted on grounds generally applicable to the members of the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### (Violation of 15 U.S.C. §§ 1681 *et seq.*)

28. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

29. Plaintiff asserts this claim on behalf of herself and the Class against Defendant.

30. Title 15 U.S.C. § 1681c(g)(1) provides that:

> "... no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." (Emphasis added.)

31. Defendant transacts business in the United States and accepts credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the members of the Class. In transacting such business, Defendant uses cash registers and/or other machines or devices that electronically print hardcopy receipts for credit card and/or debit card transactions.

32. On or after June 4, 2008, Defendant, at the point of sale or transaction with Plaintiff, provided Plaintiff with an electronically printed hardcopy receipt on which Defendant printed the first digit of the card number as well as the expiration date of Plaintiff's credit card.

33. On or after April 1, 2013, Defendant, at the point of sale or transaction with Class members, provided, through the use of a machine, each member of the Class with one or more electronically printed hardcopy receipts on each of which Defendant printed the first digit of the card number and/or the expiration date of the respective Class member's credit or debit

card. As set forth above, FACTA was enacted in 2003 and originally gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006. This was then extended until June 4, 2008 through the Clarification Act. Defendant has thus had years to comply with the requirements of FACTA.

34. Defendant knew of, or should have known of, and was informed about the law, including specifically FACTA's requirements concerning the prohibition on printing of the first digit of credit or debit card numbers and expiration dates. For example, but without limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discovery, American Express and JCB), companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendant about FACTA, including its specific requirements concerning the prohibition on the printing of the first digit of the card number and the printing of expiration dates, and Defendant's need to comply with same.

35. Despite knowing and being repeatedly informed about FACTA and the importance of preventing the printing of the first number of the credit or debit card as well as expiration dates on receipts, and despite having years to comply with FACTA's requirements, Defendant willfully violated and continues to violate FACTA's requirements by, *inter alia*, printing the first digit of the credit or debit card number and the expiration date upon the hardcopy receipts provided to members of the Class – persons with whom Defendant transacts business.

36. Many of Defendant's business peers and competitors readily brought their credit and debit card receipt printing process in compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing the first digit on the credit or debit card number and the expiration date upon the receipts provided to the cardholders. Defendant could have readily done the same.

37. In contrast, Defendant willfully disregarded FACTA's requirements and continues to us cash registers or other machines or devices that print receipts in violation of FACTA.

38. Defendant willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of the Class thereby exposing Plaintiff and the members of the Class to an increased risk of identity theft and credit and/or debit card fraud.

39. As a result of Defendant's willful violations of FACTA, Defendant is liable to Plaintiff and each Class member the statutory damage amount of "not less than $100 and not more than $1000" for each violation. 15 U.S.C. § 1681n(a)(1)(A).

40. As a result of Defendant's willful violations of FACTA, Plaintiff and the members of the Class are entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. 1681n(a)(3).

41. As a result of Defendant's willful violations of FACTA, Plaintiff and the members of the Class are entitled to punitive damages. 15 U.S.C. § 1681n(a)(2).

42. Defendant's conduct is continuing and, unless restrained, Defendant will continue to engage in their unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, prays for:

1. An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing the law firm representing Plaintiff as counsel for the Class;

2. An award to Plaintiff and the members of the Class of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Defendant's willful violations;

3. An award to Plaintiff and the members of the Class of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4. Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

5. Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

6. A permanent injunction enjoining Defendants and each of them from engaging in their unlawful violations of FACTA; and

7. For other and further relieve as the Court may deem proper.

Dated: March 26, 2015

**KELLER GROVER LLP**

By: /s/ Eric A. Grover
ERIC A. GROVER

*Counsel for Plaintiff*
MICHELE ANDRADE

**JURY TRIAL DEMAND**

Plaintiff, on behalf of herself and the putative members of the Class, demands a trial by jury on all claims and causes of action to which they are entitled to a jury trial.

Dated: March 26, 2015

**KELLER GROVER LLP**

By: /s/ Eric A. Grover
ERIC A. GROVER

*Counsel for Plaintiff*
MICHELE ANDRADE